Melissa **FULLER**

v.

**GTE CORP./CONTEL CELLULAR, INC. d/b/a Contel Cellular of Nashville, Inc.**

No. 3:94–0563.

United States District Court, M.D. Tennessee, Nashville Division.

May 15, 1996.

Nancy Krider Corley, Donald Edward Dawson, Nashville, for plaintiff.

Karen C. Ellis, Nashville, for defendant.

MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 19) and Plaintiff's Response thereto (Docket No. 24). For the reasons stated herein, Defendant's Motion for Summary Judgment (Docket No. 19) is GRANTED, and this case is dismissed with prejudice.

■ As provided in Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202, 211 (1986). Of course, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2513–14, 91 L.Ed.2d at 216.

■ The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

■ The Supreme Court concluded in *Anderson* that a dispute about a material fact is "genuine" within the meaning of Rule 56 only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2510, 91 L.Ed.2d at 211–12. Since the preponderance of the evidence standard is used in this determination, more than a mere scintilla of evidence in support of the non-moving party's position is required. *Id.* at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

■ Once a motion for summary judgment has been made, "the non-moving party bears the responsibility to demonstrate that summary judgment is inappropriate under

Rule 56(e)." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1349 (6th Cir.1991). The non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274; *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989). While the disputed issue does not have to be resolved conclusively in favor of the non-moving party to defeat summary judgment, "sufficient evidence supporting the claimed factual dispute" must be shown, thereby requiring resolution of the parties' differing versions of the truth by a jury or judge. *Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212; *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569, 592 (1968).

Plaintiff filed this action on July 14, 1994, alleging job discrimination against Defendant, her former employer, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Plaintiff alleges that Defendant discriminated against her because of her gender, more specifically because of her status as a mother of young children, and that Defendant created a hostile and offensive work environment, resulting in Plaintiff's resignation.

Plaintiff's allegations focus entirely upon her supervisor, Mary Ann Foley, and comments made and actions taken by Ms. Foley, which Plaintiff believes amount to unlawful discrimination based upon Plaintiff's gender and her status as a mother of young children. Plaintiff asserts that Ms. Foley repeatedly made negative comments to Plaintiff about Plaintiff's children. For example, Plaintiff asserts that Ms. Foley once told Plaintiff not to leave to get her sick child from day care.[1] Plaintiff also alleges that Ms. Foley told her she needed to get her priorities straight and that her job came first. Moreover, Plaintiff asserts that Ms. Foley suggested a pet carrier or a cage for children.[2]

Plaintiff does not dispute that of the forty-four individuals in Ms. Foley's department in October 1993, thirty-five were female and twenty-two had children. In addition, it is undisputed that of the nine males in Ms. Foley's department, one had children. It is undisputed that, after Plaintiff's resignation, she was replaced by a mother of two children between the ages of six and nine.

The Court finds that Plaintiff's two claims are (1) for disparate treatment because of her gender and her status as a mother with young children and (2) for constructive discharge based upon a discriminately hostile working environment.

■ Title VII prohibits discrimination by an employer against any individual on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e–2(a). The framework for analyzing a Title VII claim was established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d. 668 (1973). In order to prevail under Title VII, the Plaintiff bears the initial burden of establishing a prima facie case of discrimination by a preponderance of the evidence. *Id.*, at 801, 93 S.Ct. at 1824.

■ In order to establish her prima facie case of discrimination, in the absence of direct evidence of discrimination, the Plaintiff must show: (1) that she was in a protected class or minority; (2) that she was qualified for the position held; (3) that despite these qualifications, she was subjected to an adverse employment decision or rejected; and (4) that she was replaced by someone outside of the protected class. *McDonnell Douglas*, 411 U.S. at 801, 93 S.Ct. at 1824; *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992).

Plaintiff argues that the *McDonnell Douglas* analysis should not apply because she has presented "direct evidence" of discrimination.

■ The *McDonnell Douglas* formula is inapplicable to cases in which the Title VII plaintiff presents credible, direct evidence of discriminatory animus. *Terbovitz v. Fiscal*

---

1. Plaintiff left anyway.

2. Apparently, Ms. Foley does not deny these comments but states that they were made in jest.

*Court of Adair County,* 825 F.2d 111, 114–15 (6th Cir.1987). The Sixth Circuit has defined "direct evidence" to be proof that establishes discrimination on its own, without application of the inference that may be created by applying the *McDonnell Douglas* formula. *Id.* at 115.

 In *Terbovitz,* the court found direct evidence of unlawful discrimination based on the plaintiff's testimony that she was expressly told she would not be hired because she was a female. *Id.* at 114. The incidents described by Plaintiff in this case simply do not constitute direct proof of gender discrimination. Accordingly, "the evidentiary framework of *McDonnell Douglas* is the proper mode of analysis." *Id.* at 115.

 In any event, under whichever analysis the Court applies, Plaintiff has failed to make the basic showing for her gender-based discrimination claim. Plaintiff's Complaint does not even allege that men or fathers were treated more favorably than she. Plaintiff has failed to show that she was treated differently from men; more specifically, Plaintiff has failed to show that she was treated differently from *fathers* with young children. Plaintiff has failed to establish a genuine issue of material fact as to whether females were treated differently from males.

Under the fourth prong of the *McDonnell Douglas* test, Plaintiff must show that she was replaced by someone outside the protected class. Here, it is undisputed that the Plaintiff was replaced by another mother. The Court is aware of the recent Supreme Court ruling in *O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996), where the Court held that the plaintiff in an age discrimination suit need not show that he was replaced by a person outside the protected class. *Id.* at ——, 116 S.Ct. at 1310.

Although the Sixth Circuit Court of Appeals has not yet applied *O'Connor,* the *O'Connor* analysis was extended by the Seventh Circuit Court of Appeals to a racial discrimination context. *See Carson v. Bethlehem Steel Corp.,* 82 F.3d 157 (7th Cir.1996). In that case, the court held that the central question in any employment discrimination case is whether the employer would have taken the same action had the employee been of a different race (age, sex, religion, national origin, etc.) and everything else had remained the same. *Id.* at 159. "That one's replacement is of another race, sex, or age may help to raise an inference of discrimination, but it is neither a sufficient nor a necessary condition." *Id.*

Because replacement is not the only factor upon which this Court bases its decision, *O'Connor,* assuming it applies to gender discrimination, does not require a different result in this case. That Plaintiff was replaced by another female—indeed, by another mother—is simply one factor which helps to defeat Plaintiff's claim. Even under the *Carson* analysis, Plaintiff has not offered evidence from which the Court could conclude that Defendant would have treated her any differently had she been a *father* and everything else had remained the same.

 The Sixth Circuit has held that a plaintiff may satisfy the fourth prong of the *McDonnell Douglas* test, even if she was not replaced by a "non-protected" person, by establishing that "a comparable non-protected person was treated better." *Mitchell,* 964 F.2d at 582–83. In order to make this showing, the plaintiff must establish that she was a member of a protected class and that for the same or similar conduct she was treated differently than similarly-situated non-minority employees. *Id.* To be deemed "similarly situated:"

> ... the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the *same supervisor,* have been *subject to the same standards* and have engaged in the *same conduct* without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

*Id.* In other words, Plaintiff must show that all the relevant aspects of her employment situation are "nearly identical" to those of the employees she alleges were treated more favorably. *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994).

Here, Plaintiff does not even allege that males were treated more favorably. Plaintiff has not cited this Court to any instance of Defendant's affording better or different treatment to men than to Plaintiff. Plaintiff has not cited to anything in the record to indicate that women were treated differently from men or that women with young children were treated differently from men with young children.

Even in the so-called "sex plus" discrimination analysis, Plaintiff must first show that she was treated differently from men. In *Fisher v. Vassar College*, 70 F.3d 1420 (2d Cir.1995), the plaintiff alleged employment discrimination on the basis of sex plus marital status. The court held: "To establish that Vassar discriminated on the basis of sex plus marital status, plaintiff must show that married *men* were treated differently from married *women*." *Fisher*, 70 F.3d at 1446. Here, as in *Fisher*, Plaintiff has failed to produce *any* evidence to show that fathers of young children received better or even different treatment.[3]

To prove her prima facie case, Plaintiff must produce evidence that similarly situated males were treated differently and that there was no adequate nongender explanation for the different treatment. *Bryant v. International Schools Services, Inc.*, 675 F.2d 562, 575 (3d Cir.1982) ("No evidence was before the trial court to show that married males, in circumstances similar to appellant, received better, or even different treatment."); *see also Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 1094–95, 67 L.Ed.2d 207 (1981).

Discrimination against married women constitutes discrimination on the basis of sex only if a different standard, i.e., the marital status of the person, has been ap-plied to men and women. Absent proof of the standard applied to men, obviously the plaintiffs have not established that such standard differs from the one applied to women.[4]

*Jurinko v. Edwin L. Wiegand Co.*, 477 F.2d 1038, 1044 (3d Cir.1973), *vacated and remanded on other grounds*, 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973) (*quoted in Bryant*, 675 F.2d at 575).

Because Plaintiff has not established a prima facie case of disparate treatment because of her gender or because of her condition as a mother of young children, she also cannot establish a prima facie case of discriminately hostile work environment.

To prove a claim of abusive work environment premised upon sexual harassment, a plaintiff must demonstrate that she would not have been the object of harassment but for her sex. *Rabidue v. Osceola Refining Co.*, 805 F.2d 611, 620 (6th Cir. 1986), *cert. denied*, 481 U.S. 1041, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987); *see also Equal Employment Opportunity Commission v. Walden Book Co., Inc.*, 885 F.Supp. 1100 (M.D.Tenn.1995).

Plaintiff alleges that the hostile work environment was intimidating, insulting and abusive to female employees with children. Yet, as explained above, Plaintiff has failed to provide any evidence that the work environment was any different for men. Although Plaintiff alleges that she was subjected to a hostile work environment because she was a mother of young children, she has presented no proof that fathers of young children were treated better. Title VII does not automatically require a family friendly workplace.

*See also Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544–46, 91 S.Ct. 496, 498–99, 27 L.Ed.2d 613 (1971) (Marshall, J., concurring).

---

**3.** These facts are different from *Jacobs v. Martin Sweets Co., Inc.*, 550 F.2d 364, 370 (6th Cir. 1977), where the plaintiff, who was fired because she was pregnant, failed to show that male expectant parents were treated differently. There, the court noted that pregnancy is a condition unique to women and did not require a showing that males were treated differently. Parenting, however, is not a condition unique to women. Despite the argument, valid in many cases, that women often take on greater responsibilities than some men for parenting their children, this Court cannot find that parenting is unique to women.

**4.** Just as in *Bryant*, Plaintiff here is not confronted with the different standards applied in *Phillips* (see note 3, above), where the employer refused to hire women with pre-school children while hiring married men with pre-school children. There, solely because of their sex, mothers were treated less favorably than were fathers.

The Court assumes that the conduct complained of in this case would be equally offensive to fathers as to mothers,[5] but acknowledges that, at least in the sexual discrimination context, some courts have found that men and women can be vulnerable in different ways and offended by different behavior. *See Rabidue,* 805 F.2d 611, 626 (Keith, J., dissenting).

In any event, Plaintiff has presented no evidence from which the Court could conclude that fathers were treated any differently from mothers by this Defendant. In other words, Plaintiff has not shown discrimination because of her gender. Therefore, her claim of hostile work environment must be dismissed.

 Plaintiff's constructive discharge claim fails for the same reason. Constructive discharge is a judicially-created doctrine to provide recompense where working conditions were so intolerable that a reasonable person would have been compelled to resign. *White v. Dial Corp.,* 882 F.Supp. 701, 705 (N.D.Ill.1994). "But intolerability alone does not suffice, absent an additional showing of a connection between the unbearable circumstances and the plaintiff's sex." *Id.* (quoting *Chambers v. American Trans Air, Inc.,* 17 F.3d 998, 1005 (7th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994)). Here, as in *White,* Plaintiff has failed to show even ordinary discrimination based upon her gender.

For all these reasons, Plaintiff has not established a prima facie Title VII claim, and Defendant's Motion for Summary Judgment should be granted.

It is so ORDERED.

---

**5.** "[I]nstances of complained of sexual conduct that prove equally offensive to male and female workers would not support a Title VII sexual harassment charge because both men and women were accorded like treatment." *Rabidue,* 805 F.2d at 620.