92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Norma J. SCARBROUGH, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, Defendant-Appellee.
 No. 95-1491.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 18, 1996.*
Decided Aug. 2, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Norma J. Scarbrough appeals summary judgment in favor of the Postmaster General on her Rehabilitation Act and Title VII claims. We affirm.
 
 
 2
 Between 1986 and 1990, Scarbrough was employed as a letter carrier at an Evansville, Indiana branch post office. During her employment, she was disciplined for excessive absence and tardiness: in 1988, she received a warning letter detailing eleven separate usages of sick leave and thirteen incidents of tardiness, and in 1989, she received a seven-day suspension (eventually reduced to a letter of warning) for six separate usages of sick leave and six incidents of tardiness between January and August.
 
 
 3
 On January 26, 1990, Scarbrough, after returning undelivered mail to the post office in the middle of her shift, was admitted to the hospital for treatment of major depression. A notice of removal based upon her unauthorized absence from her assignment was reduced to a fourteen-day suspension, providing Scarbrough with a "last chance" to prove she could maintain a regular work schedule and avoid unexpected absences. Although the doctors' letters Scarbrough had submitted to explain her illness stated that she would have no work restrictions, Scarbrough was tardy seven more times between May 16 and July 24. On August 21, 1990, Scarbrough was issued another notice of removal based upon these incidents, and her removal became effective September 26, 1990.[1]
 
 
 4
 Scarbrough asserts that the post office's actions violated the Rehabilitation Act, 29 U.S.C. §§ 791 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Equal Protection Clause. Because Scarbrough failed to demonstrate the existence of a genuine issue of fact, the district court granted summary judgment for the defendant. Having reviewed the case de novo, Smith v. Shawnee Library Sys., 60 F.3d 317, 320 (7th Cir.1995), we affirm.
 
 
 5
 Summary judgment is appropriate when the district court determines from the pleadings, affidavits, and other submissions that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although we review all facts and inferences in the light most favorable to the nonmoving party, to avoid summary judgment that party must supply evidence sufficient to allow a jury to render a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Scarbrough admits that her attorney failed to show that there were genuine issues for trial, but she asks this court to reverse the district court's decision because it did not give her the benefit of the doubt and because she should not be held responsible for the conduct of her attorney.[2] We have repeatedly noted, however, that a party who has freely chosen her counsel is bound by her counsel's actions. See Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir.1989). Because Scarbrough failed to comply with Local Rule 56.1 and controvert the defendant's statement of facts, the defendant's properly supported statements mandated summary judgment in its favor. Waldridge v. American Hoechst Corp., 24 F.3d 918, 923-24 (7th Cir.1994).
 
 
 6
 Finally, Scarbrough's claims are meritless. Section 501 of the Rehabilitation Act protects only disabled individuals who are "otherwise qualified" for their job, but Scarbrough's poor attendance record demonstrates that she was not. See Southeastern Community College v. Davis, 442 U.S. 397, 406 (1979). Because "a regular and reliable level of attendance is a necessary element of most jobs," including that of a letter carrier, Scarbrough's inability to maintain a regular work schedule rendered her unqualified for her position. See Tyndall v. National Educ. Centers, 31 F.3d 209, 213 (4th Cir.1994) (construing the Americans with Disabilities Act); Carr v. Reno, 23 F.3d 525, 530 (D.C.Cir.1994) (Rehabilitation Act § 501). Furthermore, Scarbrough admitted that she did not seek any accommodation from the Postal Service, which prevented the interactive process envisioned by the statute from taking place. See Beck v. University of Wisconsin Bd. of Regents, 75 F.3d 1130, 1135 (7th Cir.1996).
 
 
 7
 The Title VII claim fares no better. In order to go forward, Scarbrough had to show that the decision to terminate her employment rested upon a legally forbidden ground. See O'Connor v. Consolidated Coin Caterers Corp., 116 S.Ct. 1307 (1996); Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir.1996). Scarbrough both failed to show that she was qualified to continue in her position and that the Postal Services treated its male workers any differently from her. She therefore did not establish a prima facie case of Title VII sex discrimination.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 An arbitration proceeding later resulted in Scarbrough's reinstatement
 
 
 [2]
 Scarbrough also seeks for the first time to assert a tort action against her former attorney and against the defendants. Arguments not presented in the district court, however, are waived on appeal. Gagan v. American Cablevision, Inc., 77 F.3d 951, 966 (7th Cir.1996). Moreover, "[t]he remedy for innocent and truly deserving litigants who become the victims of an attorney's professional negligence is a suit for malpractice." Johnson v. Gudmundsson, 35 F.3d 1104, 1117 (7th Cir.1994)