

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2005

# Parks v. Secretary Defense

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1178

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Parks v. Secretary Defense" (2005). *2005 Decisions.* Paper 1582.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1582

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1178
_____

DIANE MALLOW PARKS,

Appellant

v.

DONALD H. RUMSFELD, SECRETARY,
UNITED STATES DEPT. OF DEFENSE

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-02308)
District Judge:  Hon. Christopher C. Conner
_____

Argued:  November 29, 2004

BEFORE:  RENDELL, ALDISERT and MAGILL*, Circuit Judges

(Opinion Filed January 5, 2005)
_____

_____

   *  Honorable Frank Magill, Senior Judge of the United States Court of Appeals for
      the Eighth Circuit, sitting by designation.

Keith E. Kendall  [ARGUED]
2215 Forest Hills Drive, Suite 37
Harrisburg, PA 17112
*Counsel for Appellant*
*Diane Mallow Parks*


Kate L. Mershimer [ARGUED]
Office of United States Attorney
Federal Building
228 Walnut Street
P. O. Box 11754
Harrisburg, PA 17108-1754
*Counsel for Appellee*
*Donald H. Rumsfeld, Secretary,*
*United States Department of Defense*

_____

OPINION OF THE COURT
_____

MAGILL, <u>Senior Circuit Judge</u>.

Diane Mallow Parks appeals the district court's grant of summary judgment to Donald Rumsfeld, in his official capacity as Secretary of the United States Department of Defense, on her claims of sex and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.  Our jurisdiction over this appeal is pursuant to 28 U.S.C. § 1291.  For the reasons stated below, we will affirm.

In January 2001, the Defense Logistics Agency posted a job announcement for a GS-13 Supervisory General Engineer. The then-holder of the position, Frank Sullivan, interviewed three applicants who had been determined to be qualified for the job: Parks, a 40-year-old female civil engineer; Rob Montefour, a 34-year-old male electrical engineer; and George Kruger, a 52-year-old male architect. After interviewing the candidates, Sullivan found that Parks had the most management training, that all three were relatively equal in experience, but that Montefour's leadership and management skills were superior. Sullivan determined that Montefour and Parks were very close, which led to the decision "boil[ing] into personality and the ability to deal with a staff to get the job done." App. at 377. Because of this, Sullivan determined that Montefour had the best mix of professional qualifications and management skills (despite Parks' greater management training) and thus promoted Montefour.

Parks then filed suit claiming that the hiring of Montefour over her was based on sex and/or age discrimination. Specifically, Parks contended that Sullivan's reliance on "personality" was a code word for age or sex discrimination and that she is in all measures objectively more qualified due to longer tenure and more management training. Rumsfeld moved for summary judgment, and the district court granted the motion. This appeal follows.

## II.

This Court reviews a grant of summary judgment de novo. Mercy Catholic Med. Ctr. v. Thompson, 380 F.3d 142, 151 (3d Cir. 2004). Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992). If the movant can show that there is no issue as to any material fact, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

## III.

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), sets forth the burden-shifting framework for Title VII and ADEA claims. First, the plaintiff must develop a prima facie case. Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). Second, if the plaintiff proffers such a case, the burden shifts to the defendant to "'articulate some legitimate, nondiscriminatory reason'" for the employment decision in question. Id. (quoting McDonnell Douglas, 411 U.S. at 802). Third, upon the showing of a nondiscriminatory reason, the plaintiff must show the offered reason was a pretext for discrimination. Id. The parties assumed that Parks could make out a prima facie case, and that the contention that "personality" was the determining factor is a

-4-

nondiscriminatory reason for the hiring. This case, therefore, turns on the third stage—pretext.

This Court has recognized two ways in which a plaintiff can prove pretext. First, the plaintiff can present evidence that "casts sufficient doubt upon each of the legitimate reasons proffered by the defendant so that a factfinder could reasonably conclude that each reason was a fabrication." <u>Fuentes v. Perskie</u>, 32 F.3d 759, 762 (3d Cir. 1994). Second, and alternatively, the plaintiff can provide evidence that "allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment action." <u>Id.</u>

Under the first prong—creating sufficient doubt as to the proffered rationale—this Court has explained that it is not enough to show that the employment decision was incorrect because the intelligence of the employer is not the issue. <u>Keller v. Orix Credit Alliance, Inc.</u>, 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc). "Rather, the nonmoving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy of credence." <u>Id.</u> at 1108-09. "In simpler terms, [the plaintiff] must show, not merely that the employer's proffered reason was wrong, but that it was so plainly wrong that it cannot have been the employer's real reason." <u>Id.</u> at 1109. This is a stringent standard for plaintiffs because "'federal courts are not arbitral boards ruling on the strength of [the employment

decision]. The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination].'" Id. (quoting Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir. 1996)).

The bulk of Parks' argument revolves around her contention that she is a superior candidate because of her supervisory training. In particular, Parks seizes on a statement made by Sullivan that Parks was "first in the management category" and the proposition that because this was a management position, it is inconceivable that Sullivan could have chosen someone else over her absent age or sex discrimination. Such reasoning is not, however, persuasive.

As an initial matter, Parks takes Sullivan's statement for more than it is worth because, on the record before the Court, Sullivan viewed Parks as having better management training but viewed Montefour as having better management skills. Montefour was also viewed as superior in other categories. There is certainly enough evidence to support Parks' contention that she is more qualified. Although Parks may be more qualified, her qualifications are not so much greater than Montefour's that the proffered reason "was so plainly wrong that it cannot have been the employer's real reason." Id. at 1109. Thus, Parks could not survive the first prong of Fuentes.

Under the second prong of the Fuentes test, Parks can survive summary judgment if she brings forth evidence that "'allows the fact finder to infer that discrimination was more likely than not a motivating or determinative cause of the adverse employment

action.'" Id. at 1111 (quoting Fuentes, 32 F.3d at 762).  Thus, Parks must point to evidence "that proves age [or sex] discrimination in the same way that critical facts are generally proved—based solely on the natural probative force of the evidence."  Id.

Parks contends that Sullivan's use of "personality" supports an inference that discrimination was the motivating factor.  Parks also notes that there is a dearth of women in commensurate positions and that Sullivan and Montefour were "very friendly."  First, the lack of women in a given position does not create an inference that Parks was not hired because of sex discrimination.  Parks did not introduce any evidence showing that any woman had previously applied for such a position, and in the absence of this or similar information, no inference can be drawn from the lack of women in these positions.  Second, as the district court noted, friendship or cronyism is not a basis for relief under the ADEA or Title VII.  See, e.g., Platner v. Cash & Thomas Contractors, Inc., 908 F.2d 902, 905 (11th Cir. 1990).  There is simply not enough evidence provided by Parks that raises the natural inference of discrimination.

We will therefore AFFIRM the judgment of the District Court.