Cathy CARSON, Plaintiff–Appellant,

v.

BETHLEHEM STEEL CORPORATION, Defendant–Appellee.

No. 95–2111.

United States Court of Appeals, Seventh Circuit.

Argued March 27, 1996.

Decided April 22, 1996.

Charmaine E. Dwyer (argued), Chicago, IL, for plaintiff-appellant.

Larry G. Evans (argued), Lauren K. Kroeger, Hoeppner, Wagner & Evans, Valparaiso, IN, for defendant-appellee.

Before EASTERBROOK, KANNE, and DIANE P. WOOD, Circuit Judges.

PER CURIAM.

Cathy Carson was discharged by Bethlehem Steel Corporation before the end of her probationary period. Carson, who is white, was fired by a white supervisor and replaced by another white employee; nonetheless, she contends that the reason for the adverse action was her race, and that Bethlehem therefore violated Title VII of the Civil Rights Act of 1964.

■ The district court remarked that Carson's replacement by a white employee prevented her from establishing a prima facie case of discrimination. *O'Connor v. Consolidated Coin Caterers Corp.*, — U.S. —, 116 S.Ct. 1307, 134 L.Ed.2d 433, (1996), shows that this understanding of a prima facie case is erroneous. The Court held in *O'Connor* that the plaintiff in an age discrimination suit need not show that he was replaced by a person outside the protected class. Laws against discrimination protect persons, not classes, the Court remarked, an observation with equal force in a case under the Civil Rights Act of 1964. An illustration shows why. Suppose an employer evaluates its staff yearly and retains black workers who are in the top quarter of its labor force, but keeps any white in the top half. A black employee ranked in the 60th percentile of the staff according to supervisors' evaluations is let go, while all white employees similarly situated are retained. This is race discrimination, which the employer cannot purge by hiring another person of the same race later. *Cf. Connecticut v. Teal,* 457 U.S. 440, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982).

■ The central question in any employment-discrimination case is whether the employer would have taken the same action had the employee been of a different race (age, sex, religion, national origin, etc.) and everything else had remained the same. See *Gehring v. Case Corp.,* 43 F.3d 340, 344–45 (7th Cir.1994). An employee may be able to show that his race or another characteristic that

the law places off limits tipped the scales against him, without regard to the demographic characteristics of his replacement. After *O'Connor*, statements in decisions such as *Sample v. Aldi, Inc.*, 61 F.3d 544, 548 (7th Cir.1995), and *Hill v. Burrell Communications Group, Inc.*, 67 F.3d 665, 668 (7th Cir.1995), to the effect that the plaintiff must show that his replacement is of a different race (sex, etc.), cannot be considered authoritative. The question instead is whether the plaintiff has established a logical reason to believe that the decision rests on a legally forbidden ground. That one's replacement is of another race, sex, or age may help to raise an inference of discrimination, but it is neither a sufficient nor a necessary condition. See generally *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); see also *McDonald v. Santa Fe Trail Transportation Co.*, 427 U.S. 273, 279 & n. 6, 96 S.Ct. 2574, 2578 & n. 6, 49 L.Ed.2d 493 (1976). Any demonstration strong enough to support a judgment in the plaintiff's favor if the employer remains silent will do, even if the proof does not fit into a set of pigeonholes.

Carson does not benefit from this conclusion, however, and not only because there are reasons to doubt that she has established a claim even under the approach of *O'Connor*. After stating that Carson had not established a prima facie case of discrimination, the district court nonetheless turned to the employer's explanation for her discharge and held that Bethlehem's response—that Carson was a mediocre employee who could not get along with co-workers and was let go to restore harmony within the department—is unrelated to race. Carson agrees that someone had to go but believes that she was not as culpable as a black co-worker, who should have been sacked in her stead. The difficulty with this reply is that the federal courts are not arbitral boards, ruling on the strength of "cause" for discharge. The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is race. *Pollard v. Rea Magnet Wire Corp.*, 824 F.2d 557 (7th Cir.1987). Although this may be proved indirectly, *see St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), we agree with the district court that Carson did not establish a material dispute requiring a trial. The district court's careful opinion makes a recanvas of the reasons otiose.

One subject raised by Carson's appeal was not covered by the district court's opinion but does not call for lengthy discussion. After the close of discovery, Carson changed lawyers. Her new counsel asked the district court to reopen discovery; the court declined. We do not think that step an abuse of discretion. The seven-month discovery period was ample; Carson does not dispute this point. There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery. Shortcomings in counsel's work come to rest with the party represented. *United States v. 7108 West Grand Avenue*, 15 F.3d 632 (7th Cir.1994). They do not justify extending the litigation, at potentially substantial expense to the adverse party. Carson's motion to reopen discovery was made three months after Bethlehem filed its motion for summary judgment. Granting the motion would have occasioned not only more discovery but also a duplication of the expense of making and supporting dispositive motions. Our review is deferential, *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir.1993), and we are confident that the district court's power to control discovery was not abused.

AFFIRMED.