**Terrence WILLINGHAM, Appellant**

v.

**Spencer ABRAHAM, Secretary, U.S. Department of Energy, Appellee**

No. 00–5125.

United States Court of Appeals, District of Columbia Circuit.

March 29, 2001.

Before SENTELLE, RANDOLPH, and ROGERS, Circuit Judges.

JUDGMENT

This cause came to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by the parties. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C. CIR. R. 36(b). It is

ORDERED AND ADJUDGED by the Court that the District Court's Memorandum Opinion and Order granting summary judgment to Appellee Abraham be affirmed substantially for the reasons given by the District Court, with the single exception noted below.

The District Court held in the alternative that Willingham did not establish a prima facie case as to vacancy announcement ERM–92–47 because he was found not qualified and because the Department ultimately filled the position with somebody in the same protected class as Willingham. The first ground is unassailable. As to the second, in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433

(1996), the Supreme Court held that a plaintiff suing for unlawful termination under the Age Discrimination in Employment Act was not required to show that the employer replaced him with somebody outside the protected class: "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age.*" *Id.* at 312, 116 S.Ct. 1307. Appellant argues that this reasoning casts doubt on our phrasing the fourth element of the prima facie case as "either someone not of his protected class filled the position or the position remained vacant and the employer continued to seek applicants." *Cones v. Shalala,* 199 F.3d 512, 516 (D.C.Cir.2000); *see also Johnson v. Brock,* 810 F.2d 219, 223 (D.C.Cir.1987); *Simens v. Reno,* 960 F.Supp. 6 (D.D.C. 1997). Because the District Court properly found Willingham not qualified, we need not resolve this issue.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C. CIR. R. 41(a)(1).

Concurring statement filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge, concurring.

I join in affirming the grant of summary judgment with one observation: Our decision in *Cones v. Shalala,* 199 F.3d 512, 516–17 (D.C.Cir.2000), and the Fourth Circuit's decision in *Brown v. McLean,* 159 F.3d 898, 905 (4th Cir.1998), appear to be outliers in describing the fourth element of a *prima facie* case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The description is inconsistent with the language of *McDonnell Douglas,* as opinions in eight circuits make clear. *See Pivirotto v. Innovative Sys., Inc.,* 191 F.3d 344, 353–

54 & nn. 5–6 (3d Cir.1999) (listing cases from the First, Second, Fifth, Sixth, Seventh, Eighth, and Eleventh Circuits, including *Carson v. Bethlehem Steel Corp.,* 82 F.3d 157, 158 (7th Cir.1996) (citing *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996); *Connecticut v. Teal,* 457 U.S. 440, 450, 102 S.Ct. 2525, 73 L.Ed.2d 130 (1982))).