Pierre C. TAYLOR, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General, Defendant–Appellee.

Docket No. 04–5868–CV.

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

34

Jeffrey Coviello, Simpson Thacher & Bartlett LLP (David W. Ichel, Jonathan D. Cogan) New York, NY, for Appellant, of counsel.

Sarah S. Normand, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney, Judd C. Lawler, Sara L. Shudofsky, Assistant United States Attorneys), New York, NY, for Appellee, of counsel.

Present: SACK, KATZMANN, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The plaintiff, Pierre Taylor, appeals the district court's orders denying his request for additional discovery and granting summary judgment to the defendant, Postmaster General John E. Potter (the "Postal Service") in this suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Taylor, who has been represented by a guardian *ad litem* since being found incompetent during the course of the litigation, contends that the district court erred in 1) denying his requests for additional discovery, pursuant to Federal Rule of Civil Procedure 56(f), after the appointment of the guardian, 2) holding Taylor's deposition testimony regarding co-workers statements to be inadmissible hearsay, and 3) finding no triable issues of fact as to racial discrimination and retaliation. The Postal Service, in addition to contesting each of Taylor's claims, argues that he has waived several of them.

## I. Discovery Request

■ We review for abuse of discretion a district court's denial of Rule 56(f) discovery. *Gualandi v. Adams,* 385 F.3d 236, 244–245 (2d Cir.2004). "A district court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Patricia Hayes Assocs. v. Cammell Laird Holdings U.K.,* 339 F.3d 76, 80 (2d Cir.2003) (internal quotation marks and alterations omitted).

Taylor argues that the district court's partial denial of additional discovery was fundamentally unfair for three basic reasons.

■ First, Taylor suggests that the district court unfairly held against him the delay between the time he was declared incompetent in October 2000 and when a guardian was appointed for him in September 2003. Although Taylor could not be faulted for the time in which a guardian was being appointed for him, the district court did not abuse its discretion in denying the motion when Taylor previously had fifteen months to conduct discovery before he was found incompetent. *Cf. Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.,* 769 F.2d 919, 927 (2d Cir.1985).

Second, Taylor argues that "the requested discovery is critical to [his] case on the very issues on which the District Court granted summary judgment against him," Pl. Br. at 33, namely, disparate treatment. As the Postal Service points out, however, the need for disparate treatment evidence was foreseeable during the fifteen months in which Taylor represented himself. *See Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 126 n. 1 (2d Cir.2004); *cf. Carson*

*v. Bethlehem Steel Corp.,* 82 F.3d 157, 159 (7th Cir.1996).

Finally, Taylor alleges that Taylor was "likely incompetent" even during the discovery period. Pl. Br. at 36. There is insufficient evidence in the record to support that conclusion or a conclusion on our part that the magistrate judge therefore abused his discretion in denying further discovery.

Taylor further asserts that the district court granted summary judgment "without even mentioning" his renewed discovery request. Pl. Br. at 33 (emphasis deleted). Although the district court did not explicitly mention the Rule 56(f) motion in its Opinion and Order, the court considered Taylor's initial request for further discovery at length at a January 2004 conference, and Taylor concedes that his 56(f) request was identical to the one discussed at the conference.

## II. Rule 801(d)(2)(D) Admissions

■ "Evidentiary rulings ordinarily will not be overturned absent an abuse of discretion." *Zurich Am. Ins. Co. v. ABM Indus.,* 397 F.3d 158, 171–72 (2d Cir.2005). "In order to introduce evidence of an out-of-court statement as nonhearsay under Rule 801(d)(2)(D), a party must lay a sufficient foundation by establishing '(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency.'" *Marcic v. Reinauer Transp. Cos.,* 397 F.3d 120, 128–29 (2d Cir.2005) (quoting *Pappas v. Middle Earth Condo. Ass'n,* 963 F.2d 534, 537 (2d Cir.1992)).

■ Taylor argues that the attempt of Gerald McCall, who was customer service supervisor, to solicit statements from his co-workers renders the co-workers' statements about the solicitations admissible because the co-workers "had a duty to respond to a supervisor's inquiries regard-

ing disciplinary matters at work." Pl. Rep. Br. at 21. But the only evidence that McCall solicited the statements, or indeed that anyone ever said he did, is Taylor's own testimony. Neither McCall nor Alan Negron, one of the co-workers who supposedly made the statements to Taylor, mentioned the incident in their depositions. Because there is insufficient evidence in the record to support Taylor's position that his co-workers had the duty he alleges, their hearsay statements are not admissible under Rule 801(d)(2)(D). *See Marcic,* 397 F.3d 120, 129 (2d Cir.2005).

### III. Summary Judgment

■ We review the district court's grant of summary judgment *de novo. Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999), *cert. denied,* 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). Summary judgment should be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ There is insufficient evidence in the record to raise a triable issue as to the existence of a causal link between Taylor's suspensions and the alleged racial or retaliatory animus of any Postal Service supervisor. Taylor makes no argument that any supervisor besides Gerald McCall discriminated or retaliated against him. As for McCall, he did not sign any document associated with Taylor's suspensions, and there is little evidence that he participated in them. Even if he had a hand in disciplining Taylor, moreover, there is no evidence that the disciplinary decisions were based on anything other than legitimate, non-discriminatory reasons. Two of Taylor's three suspensions were the result of significant, well-documented, and undisputed attendance problems. The third (first chronologically) stemmed from a confrontation between Taylor and a co-worker

that required the involvement of the postal police, who sent Taylor home. Even if Taylor is correct that the incident was a product of misunderstanding and overreaction, the supervisor's contrary conclusion at the time is not, under the circumstances, evidence of unlawful discrimination against him.

### IV. Other Claims

The Postal Service argues that Taylor has waived several of his claims, some by failure to raise them in his opening brief to us, others by concession in the district court. Regardless of whether the omitted and conceded claims were formally waived, however, we conclude that they are plainly without merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.