**Morrell DOOLEY, Appellant**

v.

**ROCHE LAB INC.; Hoffman LaRoche, Appellees.**

No. 07–1771.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 16, 2008.

Filed: April 28, 2008.

Martha M. McBrayer, Morelli Ratner, New York, NY, for Appellant.

Richard S. Zackin, Gibbons P.C., Newark, NJ, for Appellees.

Before: AMBRO, FISHER, Circuit Judges, and MICHEL,* Chief Circuit Judge.

---

\* Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.

## OPINION

MICHEL, Chief Circuit Judge.

Morrell Dooley appeals from a summary judgment in favor of Roche Laboratories, Inc. and Hoffman LaRoche Ltd. (together, "Roche") on Ms. Dooley's claims of unlawful discrimination under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and New Jersey's Law Against Discrimination ("NJLAD"), as well as her claims of retaliation for protected activity under Title VII and the NJLAD. Because the District Court correctly concluded that Ms. Dooley did not present evidence showing that Roche's proffered reasons for its promotion decisions were pretextual, and because Ms. Dooley did not present evidence of a causal connection between her protected activity and any other alleged retaliation, we affirm the order of the District Court.

### I.

The parties are familiar with the facts of this case, so we will summarize them only briefly. Ms. Dooley is a 59–year–old African–American woman who has worked as a Roche Sales Representative since 1972 (and for Roche in some capacity since 1966). Beginning in 2002, when Ms. Dooley was 54 years old, she applied to be promoted to Oncology Specialist, interviewing without success for a series of four openings at that position. Three of the four open positions went to candidates who were both younger than Ms. Dooley and of a different race. The fourth position went to an African–American Sales Representative who was younger than Ms. Dooley.

After being passed over for the first two of these positions, and again after the third but before the fourth, Ms. Dooley complained to the Roche Human Resources department that she had been denied promotion to an Oncology Specialist position because of her race and age. Human Resources investigated Ms. Dooley's complaints and concluded that there was no evidence of race or age discrimination with respect to the challenged hiring decisions.

While that investigation was under way, two of Ms. Dooley's hospital accounts were reassigned to another Sales Representative and replaced by less lucrative hospital accounts. Shortly after the investigation concluded, Roche gave Ms. Dooley a written warning for the presence of a forged signature—a doctor's signature forged by a nurse—on a form used by Ms. Dooley in connection with disbursement of pharmaceutical samples to doctors. Ms. Dooley then complained to Human Resources that she had received the written warning in retaliation for her earlier complaints about discrimination.

In 2004, Ms. Dooley filed a complaint against Roche in the United States District Court for the District of New Jersey, alleging unlawful discrimination on the basis of race and age (in Roche's four decisions not to promote her), and unlawful retaliation (in the written reprimand—Ms. Dooley later alleged that the reassignment of hospital accounts and the third and fourth promotion decisions also constituted retaliation). Roche moved for summary judgment in 2006, and the District Court granted Roche's motion in 2007. Regarding the discrimination claims, the District Court held that Ms. Dooley had not shown that she was qualified for the position of Oncology Specialist, and that even assuming she was qualified, she had not provided evidence casting doubt on the nondiscriminatory reasons offered by Roche for its promotion decisions. Regarding the retaliation claims, the District Court held that Roche's written reprimand of Ms. Dooley did not constitute an adverse employment action; that the third promotion decision was made by someone who was not aware of Ms. Dooley's earlier complaints; and

that the fourth promotion decision was too remote from those complaints to be considered retaliation without any other evidence tending to support Ms. Dooley's claim.

## II.

We have jurisdiction over Ms. Dooley's appeal under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order granting summary judgment. *See Podobnik v. U.S. Postal Service*, 409 F.3d 584, 589 (3d Cir.2005).

### 1.

As the District Court recognized, we apply a burden-shifting framework to discrimination claims brought under Title VII, the ADEA, and the NJLAD. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Stanziale v. Jargowsky*, 200 F.3d 101, 105 (3d Cir.2000); *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1114 n. 5 (3d Cir.1997) (en banc). First, a plaintiff must establish a *prima facie* case of discrimination—i.e., that (1) she was a member of a protected class; (2) she was qualified for promotion to the sought—after position and applied but was not promoted; and (3) the position remained open or went to another employee (frequently, though not necessarily, an employee who was not a member of the protected class). *Olson v. GE Astrospace*, 101 F.3d 947, 951 (3d Cir.1996); *Pivirotto v. Innovative Sys.*, 191 F.3d 344, 355 (3d Cir.1999).

Establishment of a prima facie case shifts the burden of production to the defendant to offer evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision." *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir.1994). Finally, "to defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* at 764.

Here, Ms. Dooley clearly satisfied the first element of her prima facie case, but the District Court held that she failed to establish the second element: that she was qualified for the position of Oncology Specialist. Ms. Dooley argues that this was error and that Roche admitted her to be qualified for the job. Because Roche did not contest this element of Ms. Dooley's prima facie case in the District Court or in this Court, we may assume that this element is satisfied. Also, although the parties dispute whether Roche's promotion of an African–American Sales Representative to the fourth contested Oncology Specialist position defeats Ms. Dooley's claim of racial discrimination as to that position, we will assume without deciding that Ms. Dooley has established the final element of her prima facie case for all four promotion decisions.

The District Court similarly assumed a prima facie case, shifting the burden to Roche, who pointed to evidence that Ms. Dooley was not promoted because she did not demonstrate the clinical knowledge and clinical sales ability to adequately market Xeloda®, and because she did not interview as well as the candidates chosen for promotion. With the burden thus shifted back to Ms. Dooley, the District Court held that she did not offer sufficient evidence for a reasonable factfinder to disbelieve Roche's claim that it passed over Ms. Dooley on the basis of her inadequate clinical knowledge of Xeloda® and clinical sales ability.

■ We agree with the District Court. Ms. Dooley points to evidence that she was stronger than the promoted Sales Representatives in certain *other* respects—including seniority, total pharmaceutical sales experience, and experience with the oncology drug Kytril®—and she states that Roche's equal-opportunity policy *allows* for consideration of seniority and experience in hiring decisions. But while these facts may be quite relevant to prove that Ms. Dooley was qualified for the job of Oncology Specialist, they do not show that Roche's proffered explanation for promoting other candidates was *pretextual.* "The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." *Keller v. Orix Credit Alliance,* 130 F.3d 1101, 1109 (3d Cir.1997) (quoting *Carson v. Bethlehem Steel Corp.,* 82 F.3d 157, 159 (7th Cir.1996)). Similarly, Ms. Dooley argues that there were irregularities in Roche's interviewing process—e.g., in one instance Roche did not respond to her in a timely fashion—but she does not explain how these irregularities would cast doubt on Roche's articulated hiring rationale or would otherwise suggest that Roche was impermissibly motivated by race or age. Finally, Ms. Dooley claims that "raw statistics," such as the lower number of African–American employees in Roche's Oncology division in 2002 and 2003 as compared to the higher number of Caucasian employees, support an inference of discriminatory bias. But while "[s]tatistical evidence of an employer's pattern and practice with respect to minority employment may be relevant to a showing of pretext," we have explained that conclusions cannot fairly be drawn from "raw numerical comparisons" in the absence of "analysis of either the qualified applicant pool or the flow of qualified candidates over a relevant time period." *Ezold v. Wolf, Block, Schorr & Solis-Co-*

*hen,* 983 F.2d 509, 542–543 (3d Cir.1992). We therefore affirm the District Court's grant of summary judgment to Roche on Ms. Dooley's discrimination claims.

2.

■ Ms. Dooley's retaliation claims are also governed by the *McDonell Douglas* burden-shifting framework. *See Woodson v. Scott Paper Co.,* 109 F.3d 913, 920 (3d Cir.1997). To establish a prima facie case of retaliation, an employee must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Marra v. Phila. Hous. Auth.,* 497 F.3d 286, 300 (3d Cir.2007) (internal citations omitted).

Here, Ms. Dooley claims that Roche retaliated against her for her internal complaints to Human Resources by reprimanding her in connection with the forged doctor's signature; by reassigning two of her hospital accounts; and by denying her promotion to the third or fourth open Oncology Specialist position. While the reprimand and the reassignment of accounts could constitute adverse actions for purposes of a retaliation claim, *see Burlington Northern & Santa Fe Ry. v. White,* 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), Ms. Dooley fails to make a prima facie case because she does not point to any evidence that the *decisionmakers* in those instances were aware of her internal complaints (and thus that there could be a causal link between the complaints and those decisions). *Cf. Jones v. School Dist.,* 198 F.3d 403, 415 (3d Cir.1999) (no causal link where plaintiff "produced no evidence which could in any way be construed as showing any knowledge on the part of either Principal Gutelius or Principal Torres of [plaintiff's] previous EEO filings").

Ms. Dooley argues that the District Court erred by finding that the fourth promotion decision occurred almost a year after her internal complaint (and was therefore too remote to have been causally connected) when she had in fact complained about retaliation just two months before the fourth promotion decision. *See Fasold v. Justice,* 409 F.3d 178, 190 (3d Cir.2005) ("when only a short period of time separates an aggrieved employee's protected conduct and an adverse employment decision, such temporal proximity may provide an evidentiary basis from which an inference of retaliation can be drawn"). But the District Court correctly determined that even assuming a prima facie case was established with respect to the third and fourth promotion decisions, Roche met its burden of articulating legitimate non-retaliatory reasons for those promotion decisions—namely, the interviewers' perceptions of Ms. Dooley's clinical knowledge and interview performance relative to the other candidates—and Ms. Dooley did not offer evidence that Roche's explanation was pretextual. *See Marra,* 497 F.3d at 300 ("If the employer meets its burden, the burden of production returns to the employee, who must now show, by a preponderance of the evidence, that 'the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action.'") (internal citation omitted).

Thus, we affirm the District Court's grant of summary judgment to Roche on Ms. Dooley's retaliation claims.