**Barbara PLEENER, Plaintiff–Appellant,**

v.

**NEW YORK CITY BOARD OF EDUCATION, Defendant–Appellee.**

No. 07–4898–cv.

United States Court of Appeals, Second Circuit.

Feb. 24, 2009.

---

Steven L. Barkan, Melville, NY, for Appellant.

Ronald E. Sternberg, Senior Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel for the City of New York, New York, NY, for Appellee.

Present: REENA RAGGI, PETER W. HALL, Circuit Judges. GERARD E. LYNCH, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on October 10, 2007, is AFFIRMED.

■ Plaintiff Barbara Pleener appeals from an award of summary judgment in favor of defendant on her claim that defendant discriminated against her in employment based on race in violation of Title VII and various state and local laws.[1] Specifically, Pleener complains that she was removed as principal of Beach Channel High School because she is Caucasian and, thereafter, constructively discharged from employment with the New York City Board of Education. We review a grant of summary judgment *de novo*, viewing the facts in the light most favorable to the non-moving party. *See Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 163 (2d Cir.2008). While we will not uphold an award of summary judgment in favor of the defendant if the evidence is sufficient to permit a reasonable jury to find for the plaintiff, we are mindful that the plaintiff must point to more than a "scintilla" of evidence in support of her position to de-

---

* The Honorable Gerard E. Lynch, United States District Judge for the Southern District of New York, sitting by designation.

1. To the extent the district court also granted summary judgment in favor of defendant on plaintiff's discrimination claims filed pursu- ant to 42 U.S.C. § 1983 and on a claim of retaliation, Pleener does not challenge those rulings on appeal. Accordingly we consider any such arguments to be waived. *See Dow Jones & Co., Inc. v. Int'l Secs. Exch., Inc.*, 451 F.3d 295, 300 n. 5 (2d Cir.2006).

feat summary judgment. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Plaintiff's Removal as Principal*

■ Pleener submits that the district court erred when, in employing *McDonnell Douglas* analysis to her claim of discriminatory removal as principal, it concluded that Pleener had failed to adduce evidence that defendant's proffered non-discriminatory reason for her removal was pretextual and that the real reason for her removal was racial bias. We disagree. While Pleener disputes the merits of the Board's view of (1) the deteriorating state of affairs at Beach Channel High School, (2) Pleener's role in that deterioration, and (3) her inability to provide the leadership necessary to restore stability, she failed to adduce any evidence that the Board did not sincerely hold that view or that otherwise would permit a factfinder to conclude that the Board's real reason for removing her was her race. *See Graham v. Long Island R.R.,* 230 F.3d 34, 44 (2d Cir.2000) (holding that even if plaintiff could demonstrate that failed drug test proffered by defendant as ground for dismissal was in error, that showing would not demonstrate that reliance on test was pretext for discrimination); *Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 331 (3d Cir. 1995) ("To discredit the employer's proffered reason, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether a discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent." (internal quotation marks omitted)); *cf. Myers v. United Bhd. of Carpenters & Joiners of Am.,* 684

F.2d 225, 227 (2d Cir.1982) ("Even if the Brotherhood's factfinding was mistaken, that circumstance would not establish discrimination in the absence of facts indicating that some identifiable group within the Local was erroneously being branded as 'contracting members' as a pretext for accomplishing a discriminatory denial of their right to vote.").

Pleener further faults the district court for not recognizing that defendant's discriminatory intent was evident from the fact that she was told that she would be replaced as principal by an African–American. Here again, we are not persuaded. While such evidence may support an inference of discrimination at the *prima facie* step of *McDonnell Douglas* analysis, "what matters in the end is not how the employer treated other employees" who do not belong to a plaintiff's race, "but how the employer would have treated the plaintiff had she been of a different" race. *Brown v. Henderson,* 257 F.3d 246, 253–54 (2d Cir.2001) (emphasis omitted). Once defendant proffered a non-discriminatory reason for removing Pleener from her position as principal, more than evidence that she was replaced by a person of another race was necessary for her to carry her " 'ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against' " her on the basis of race, *Holcomb v. Iona Coll.,* 521 F.3d 130, 138 (2d Cir.2008) (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). *See Carson v. Bethlehem Steel Corp.,* 82 F.3d 157, 159 (7th Cir.1996) ("That one's replacement is of another race, sex, or age may help to raise an inference of discrimination, but it is neither a sufficient nor a necessary condition.").

Pleener also argues that racial bias infected the Board's removal decision because the parents and students at Beach

Channel High School did not want a Caucasian principal. We agree that federal law does not permit an employer to discriminate based on race to accommodate the actual or perceived invidious biases of its clientele. *See Knight v. Nassau County Civil Serv. Comm'n,* 649 F.2d 157, 162 (2d Cir.1981) (noting that "Congress specifically excluded race from the list of permissible bona fide occupational qualifications"); 29 C.F.R. § 1604.2(a)(1)(iii) (providing that bona fide occupational qualification exception does not generally apply to "refusal to hire an individual because of the preferences of coworkers, the employer, clients or customers").

However, the record does not support a reasonable jury finding of such impermissible conduct by defendant. Rather, the record shows that Pleener's loss of control at Beach Channel High School followed the Board's removal of a popular African-American assistant principal for insubordination to Pleener. Some parents and students apparently thought that the assistant principal's race played a role in *his* removal. Moreover, they voiced concern about Pleener's assignment to Beach Channel High School in light of her own disciplinary record, which they viewed as more serious than the infraction that had prompted the assistant principal's removal. Indeed, when Pleener and Board Superintendent Cashin walked out of a hostile community meeting called to discuss the assistant principal's removal, the record shows that the reason was not racial tension but a speaker's attempt to raise the issue of Pleener's prior disciplinary record. Finally, in extensive testimony about the views expressed by protesting parents and students, Pleener was unable unequivocally to attribute to any community member an expression of hostility to her on the basis of her race. In context, the community objections to which the Board responded, as well as a remark by an assistant superintendent that made note of the

racial subtext of the controversy, are entirely consistent with the Board's position that Pleener was unable to deal adequately with protests directed at perceived racial insensitivity, and not at her race.

In sum, whether or not the Board correctly perceived Pleener to have lost both control of Beach Channel High School and the community confidence necessary to restore order to that school, Pleener has failed to adduce evidence that would permit a jury to find that these perceptions were not *bona fide* and that racial bias was the true reason for her removal as principal.

### 2. *Constructive Discharge*

■ Pleener's challenge to the award of summary judgment on her constructive discharge claim merits little discussion. Whether or not her resignation is viewed as a constructive discharge, Pleener has adduced no evidence that racial bias informed that decision. Indeed, in her brief, she asserts only that she was lead to believe that "she had to resign because there was no money to keep her." Appellant's Br. at 21. Such circumstances are insufficient, as a matter of law, to demonstrate even a *prima facie* case of discriminatory constructive discharge. *See Mathirampuzha v. Potter,* 548 F.3d 70, 78 (2d Cir.2008) (noting that *prima facie* case of discrimination requires showing that "adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent").

We have considered Pleener's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.