REVISED April 7, 2010

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 08-30423

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

April 2, 2010

Lyle W. Cayce
Clerk

SUPERIOR DIVING COMPANY INC,

       Plaintiff-Appellee

v.

SETH CORTIGENE,

       Intervenor Plaintiff-Appellant-Cross-Appellee

JAY WATTS,

       Defendant-Intervenor Defendant-Third Party
       Plaintiff-Appellee-Appellant-Cross-Appellant

v.

NEWTON B SCHWARTZ, SR,

       Third Party Defendant-Appellant-
       Cross-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-197

Before JONES, Chief Judge, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jay Watts (Watts) appeals from an adverse summary judgment dismissing his general maritime law and Jones Act claims against his employer, Superior Diving Company Inc. (Superior). Watts also appeals the district court's decision to abstain on the basis of the Colorado River doctrine[1] from proceeding on his state law claims against his former lawyers, Cortigene and Schwartz, and their counterclaims against Watts for attorney's fees. We affirm the summary judgment against Watts but vacate the judgment insofar as the court abstained from proceeding to determine Watts's claim against his attorneys and their claim against him for attorney's fees.

## I. Evidentiary Rulings and Summary Judgment

The district court did not err in granting summary judgment. Watts failed to produce any competent summary judgment evidence to create a material fact issue on Superior's liability on maritime and Jones Act claims as to Superior's properly filed summary judgment motion. See FED. R. CIV. P. 56(c); see also Coury v. Moss, 529 F.3d 579, 584 (5th Cir. 2008). To the extent Watts argues that due diligence should be relaxed because his lawyers were deficient, the client is responsible for choosing his lawyer and cannot claim inadequacies as an excuse for failing to meet deadlines and duties imposed by law. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962); Carson v. Bethlehem Steel Corp., 82 F.3d 157, 159 (7th Cir. 1996).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] See generally Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

Watts also attacks the summary judgment motion complaining that the district court should have allowed him to re-open discovery. This Court reviews the district court's refusal to reopen discovery for abuse of discretion. Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co., 195 F.3d 765, 776 (5th Cir. 1999). The district court initially scheduled a hearing on Superior's motion for summary judgment on November 22, 2006, and granted extensions in December and January, which moved the hearing to January 24, 2007. The court's discovery deadline, however, expired on January 1, 2007 (sixty days before the final pretrial conference date of March 1, 2007). Watts did not provide summary judgment proof within this time period but again sought an extension when he obtained a new attorney. The proffered Wythe affidavit was available for discovery two years before the discovery deadline and was not made until almost one year after Watts obtained new counsel. Accordingly, the district court was well within its discretion to exclude the statement as not newly discovered evidence and to prevent the litigants from reopening discovery.

## II. Motion to Disqualify

We find no merit in the contention that the district judge should have been disqualified or that he was not acting as a guardian of seamen. Whatever responsibility the district court has in overseeing settlements does not prevent it from enforcing substantive and procedural laws applicable in federal courts. The district court cannot be said to have abused its discretion, and Watts's argument certainly fails.

## III. Colorado River Abstention

Abstention from jurisdiction "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and

can be "justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959). We have serious misgivings about the trial court's decision to abstain from the malpractice claims and attorney's fees question. However, we need not make a determination as to the applicability of the Colorado River doctrine in the instant case as the parties announced to the Court at oral argument that the state law proceedings were not decided on the merits and are no longer pending in state court. Thus, no rationale for abstention exists, and we remand these claims for further proceedings.

Accordingly, summary judgment in favor of Superior as to claims brought against it and Watts is affirmed; abstention not being proper at this time, the order to abstain is vacated by the case remanded for further proceedings related to all actions between Watts and his former attorneys. All outstanding motions are denied. AFFIRMED in part, VACATED and REMANDED in part.