NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1152
_____

KENNETH M. KILPATRICK,
                                        Appellant

v.

SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-16-cv-01193)
District Judge: Honorable John R. Padova
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2018
_____

Before: AMBRO, CHAGARES, and GREENAWAY, JR., *Circuit Judges.*

(Opinion Filed: October 18, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Kenneth M. Kilpatrick appeals from the District Court's order granting summary judgment in favor of the Secretary of the U.S. Department of Veterans Affairs ("VA" or "the agency") and its order denying his motion for reconsideration. For the following reasons, we will affirm.

## I.     Factual and Procedural Background

Kilpatrick began working at the VA Regional Office in Philadelphia, Pennsylvania as an information technology specialist in April 2003. In January 2009, he received a new work computer. He was informed that he had until February 1st to transfer over his data, programs, and other tools he used to perform his job duties from the old workstation to his new workstation. During the process of setting up his new computer, Kilpatrick without permission used a password reset program to create a new administrator password and installed a memory chip that he removed from an unused computer.

A VA system administrator discovered that Kilpatrick had gained administrator access, and he emailed management about the issue on January 25, 2009.[1] Carol Winter, director of the information technology center ("ITC") and Kilpatrick's third-line supervisor, told the VA information security officer on February 5, 2009 to "conduct [an] investigation in accordance with the VA directives." App. 213a. On the same day,

---

[1]   The administrator account password was changed at least four times, including after Kilpatrick was warned not to do so.

Kilpatrick's direct and second-line supervisors notified him of the investigation, gave him a medical information request form,[2] seized his work computer, and provided him with a replacement computer. Kilpatrick's access to internet and email was revoked on February 11th as a result of the information security officer finding more evidence of unauthorized software access. As part of the investigation, Kilpatrick did not dispute resetting the password to gain administrator privileges or taking the memory chip from another workstation.

Meanwhile, on February 17, 2009, Kilpatrick sought Equal Employment Opportunity ("EEO") counseling from the VA's Office of Resolution Management for discriminatory harassment on the basis of his physical disability and a hostile work environment. The instances of discrimination or hostile work environment that he highlighted, including the seizure of his computer, all related to the investigation he first learned about on February 5th. He identified his second-line supervisor, Terris Farmer, as an alleged harasser. Winter, who was also Farmer's direct supervisor, received notice of Kilpatrick's EEO request and allegations on February 24, 2009.

Farmer issued a proposed removal notice to Kilpatrick on April 2, 2009,[3] citing

_____

[2] The medical information request form was based on observations of Kilpatrick, including an occasion when he "forgot about a work project he worked on for six months, and was still assigned to work on." App. 304a. He had "blamed his forgetfulness on medication." *Id.*

[3] Farmer testified at the arbitration hearing that the delay between the start of the investigation and the proposed removal notice was a result of the fact that the individuals involved needed time to consider how to handle the Kilpatrick situation "along with

the "removal of, and installation of memory board(s) from an unused PC to [his] PC," as well as modification of the administrator's account password through use of a password cracking utility. App. 300a. The notice also stated that Kilpatrick's conduct "is in violation of VA Directive 6500, VA Rules of Behavior, and ITC Rules of Behavior." *Id.* On May 11, 2009, Kilpatrick responded to the charges, with the assistance of his union representatives, in an oral presentation to Winter. Kilpatrick "admitted to the charges that were documented in the proposed removal" and "that he violated the VA policy." App. 199a. Kilpatrick did not provide the names of any other employees who either were engaging in similar conduct or would have additional information.

On May 28, 2009, Winter decided to terminate Kilpatrick's employment effective June 5, 2009. Farmer had no input regarding the final decision. In support of the termination decision, Winter noted that the incidents around the memory chip and password reset were a "second violation," in that at least one year earlier Kilpatrick "used [remote] access from a hotel and left a laptop computer logged into the VA for many hours, unattended in a hotel room, with access to the VA." App. 198a.

Kilpatrick's union representative filed, on his behalf, a grievance regarding the termination decision. The grievance asked the arbitrator to determine whether "the

---

doing all the other tasks that [they] had to do." App. 192a. She also testified that the process was not "routine" to her because she had not dealt with "very many disciplinary actions . . . in [her] federal career." SA 134.

Farmer also testified that she could not recall whether, at the time she issued the proposed removal notice, she knew that Kilpatrick had contacted an EEOC counselor.

4

penalty of termination [was] unreasonable and/or excessive" and whether the termination was "motivated by discrimination based upon his prior EEO (equal employment opportunity) activity." App. 115a. On the first issue, the arbitrator concluded that the VA's "choice of the disciplinary penalty of termination was both excessive and unreasonable."[4] App. 155a. On the second issue, relevant to this appeal, the arbitrator stated that "she cannot conclude that management's true intent was to punish the grievant for his having contacted an EEO counselor." App. 156a.

Kilpatrick then filed a request with the U.S. Merit Systems Protection Board ("MSPB") for review of the arbitration decision. The MSPB agreed with the arbitrator that, while there was a due process violation, Kilpatrick "did not prove by preponderant evidence that the agency retaliated against him based on his meeting with an EEO counselor." App. 168a. Kilpatrick sought review of the portion of the MSPB order pertaining to the retaliation claim before the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC also concluded that Kilpatrick "did not demonstrate that any conduct on the part of the [VA] was based on discriminatory animus." App. 177a.

In March 2016, Kilpatrick brought this case in the District Court, asking it to reverse the "decisions of the arbitrator, MSPB and EEOC related to the issue of

---

[4] The arbitrator directed the VA "to rescind the termination of the grievant's employment and to convert the discipline imposed to a 10-working day suspension without pay." App. 157a.

5

discrimination" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to -17 (2012). App. 39a. On September 26, 2017, the District Court granted the VA's motion for summary judgment on the basis that Kilpatrick failed to demonstrate that he satisfied a prima facie case of retaliation and, even he had met this burden, he would be unable to "produce evidence sufficient to establish a genuine issue of material fact regarding whether Defendant's purported legitimate, nondiscriminatory reason for his termination was pretextual."[5] App. 27a. The lower court subsequently denied Kilpatrick's motion to amend findings of fact and judgment or, in the alternative, motion for reconsideration on December 5, 2017. Kilpatrick timely appealed from the District Court's motion for summary judgment and motion for reconsideration orders. *See* Fed. R. App. P. 4(a)(1)(B), (a)(4)(A).

## II.    Jurisdiction

The District Court had jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 7703(b)(2). We have appellate jurisdiction under 28 U.S.C. § 1291.

## III.    Analysis

On appeal, Kilpatrick argues the District Court "fail[ed] to adhere to summary

---

[5]   The District Court's language refers to an out-of-date version of Rule 56, under which summary judgment was appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (amended 2010). In 2010, Rule 56 was revised so that "genuine dispute" replaces "genuine issue." *See* Fed. R. Civ. P. 56(a).

judgment principles" in concluding that it was appropriate to enter judgment in favor of the VA. Appellant's Br. 2. We review the District Court's summary judgment ruling de novo. *Faush v. Tuesday Morning, Inc.*, 808 F.3d 208, 215 (3d Cir. 2015). Summary judgment is appropriate if, "viewing the facts in the light most favorable to the non-moving party," *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006), "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a); *accord Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018).

The framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), governs our analysis of Kilpatrick's retaliation claim. *See Woodson v. Scott Paper Co.*, 109 F.3d 913, 920 (3d Cir. 1997). To establish a prima facie case of retaliation, Kilpatrick "must show (1) that he engaged in a protected activity; (2) that he was discharged subsequent to or contemporaneously with such activity; and (3) that a causal link exists between the protected activity and the discharge."[6] *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989). If he does so, the burden shifts to the VA to offer a "legitimate non-retaliatory reason for its conduct." *Carvalho-Grevious*, 851 F.3d at 257.

---

[6] Although a plaintiff must ultimately show that retaliatory animus was the but-for cause for the adverse employment action, this Court has held that "a plaintiff alleging retaliation has a lesser causal burden at the prima facie stage." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 258–59 (3d Cir. 2017). At that stage, "the plaintiff must produce evidence 'sufficient to raise the inference that her protected activity was the *likely reason* for the adverse [employment] action.'" *Id.* (quoting *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir. 1997)).

If the employer satisfies its burden, Kilpatrick must then "convince the factfinder both that the employer's proffered explanation was false [that is, a pretext], and that retaliation was the real reason for the adverse employment action." *Id.* (quoting *Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006)).

We reach the same conclusion as the District Court that Kilpatrick has not established a prima facie case of retaliation. His primary hurdle is the requirement to show that a causal link exists between his EEO counseling request and his termination. Arguably, there is some degree of temporal proximity, in that the EEO complaint was made approximately six weeks before the issuance of the proposed removal notice and over three months before the effective date of termination. This timing, however, is not "unusually suggestive of retaliatory motive." *Shaner v. Synthes (USA)*, 204 F.3d 494, 505 (3d Cir. 2000). *Compare Jalil,* 873 F.2d at 708 (finding a causal link where "the discharge followed rapidly, only two days later, upon [the employer's] receipt of notice of [the plaintiff's] EEOC claim"), *with Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (stating that where "over three weeks [had] passed between the complaint and the termination letter," "the temporal proximity is not so close as to be unduly suggestive" (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 513 (3d Cir. 2003)). This is especially so in light of the fact that Winter had directed an investigation into Kilpatrick's conduct twelve days before he (Kilpatrick) filed a request for informal EEO counseling. *See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450

8

F.3d 130, 137 (3d Cir. 2006) ("[A]n employee may not insulate herself from termination by covering herself with the cloak of Title VII's opposition protections *after* committing non-protected conduct that was the basis for the decision to terminate."). And there is no evidence in the record of antagonism or retaliatory animus in the time between the February 17th complaint and June 5th termination. *See Marasco*, 318 F.3d at 513.

Kilpatrick contends that the excessive and unreasonable choice of disciplinary penalty is "dispositive as to the issue of the existence of triable issues of fact and . . . compels a finding that summary disposition against Kilpatrick cannot be supported." Appellant's Br. 12. The excessiveness of the action taken, though, does not bolster the position that the likely reason for it was retaliation. *See Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1109 (3d Cir. 1997) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is [discrimination]." (quoting *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996)). Where Kilpatrick admitted to violating VA policy and that violation was a sufficient basis for disciplinary action, retaliation no longer appears to be the likely reason for either the proposed removal notice or termination. Along those lines, even if Kilpatrick had satisfied all three prongs of the prima facie case, he has failed to present evidence that the VA's legitimate, nondiscriminatory reason for the adverse action was pretext for improper animus, particularly where he did not identify any comparators.

On appeal, Kilpatrick also challenges the District Court's denial of his motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *See* ECF No. 49, at 1. We generally review such decisions for abuse of discretion. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999). Kilpatrick, however, makes no specific argument in his opening brief as to in what manner the District Court abused its discretion in denying his motion to alter judgment. We therefore deem it waived. *See Long Hao Li v. Att'y Gen.*, 633 F.3d 136, 140 n.3 (3d Cir. 2011) (concluding that the petitioner waived a claim where he did not make "any separate arguments concerning that claim or point[] to any evidence that would compel a different result"). In any event, we discern no reason to reverse the District Court's December 5, 2017 order.

## IV. Conclusion

For the foregoing reasons, we will affirm the final judgment of the District Court.